**WINDELS MARX LANE & MITTENDORF, LLP**
*Proposed Attorneys for Alan Nisselson, Chapter 7 Trustee*
156 West 56th Street
New York, New York 10019
Telephone (212) 237-1000

Attorneys appearing:   Alan Nisselson (anisselson@windelsmarx.com)

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re<br><br>Lisa Vitale,<br><br>                              Debtor. | Chapter 7<br><br>Case No. 1-20-43129-jmm |

**APPLICATION PURSUANT TO BANKRUPTCY CODE §§ 327(a) AND (d) FOR AUTHORITY TO RETAIN AND EMPLOY WINDELS MARX LANE & MITTENDORF, LLP AS ATTORNEYS TO THE CHAPTER 7 TRUSTEE EFFECTIVE AUGUST 3, 2022**

**TO THE HONORABLE JIL MAZER-MARINO,**
**UNITED STATES BANKRUPTCY JUDGE:**

Alan Nisselson (the "**Trustee**"), as trustee for the chapter 7 estate (the "**Estate**") of Lisa Vitale (the "**Debtor**"), by his proposed attorneys, Windels Marx Lane & Mittendorf, LLP ("**Windels Marx**"), respectfully submits this application (the "**Application**") pursuant to §§ 327(a) and (d) of Title 11, United States Code, 11 U.S.C. §§ 101, et seq. (the "**Bankruptcy Code**") and Rules 2014(a) and 2016 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), for authority to retain and employ Windels Marx as his counsel effective as of August 3, 2022.  In support of the Application, the Trustee represents as follows:

**A.   Jurisdiction; Venue; Statutory Bases for Relief**

1. The Court has jurisdiction over this Application under 28 U.S.C. §§ 157 and 1334 and the standing orders titled In the Matter of the Referral of Matters to the Bankruptcy Judges, 69 B.R. 186 (E.D.N.Y. 1986) (Weinstein, C.J.) and Order dated December 5, 2012 and effective

{12013215:1}

June 23, 2011 (Amon, C.J.). Venue of this case and the Application in this District is proper under 28 U.S.C. §§ 1408 and 1409. The statutory predicates for the relief sought herein are Bankruptcy Code §§ 327(a) and (d) and Bankruptcy Rule 2014(a).

### B. Procedural Posture.

1. On August 27, 2020 (the "**Petition Date**"), the Debtor filed with this Court a voluntary petition for relief under chapter 7 the Bankruptcy Code, by her attorney Jay Meyers.

2. Thereafter, pursuant to Bankruptcy Code § 701(a), the United States Trustee (the "**UST**") appointed the Trustee, as trustee of the Debtor's Estate. The Trustee qualified and is serving as permanent Trustee.

### C. The Debtor's Assets and Liabilities

3. The Trustee reviewed the Debtor's petition, schedules, statement of financial affairs ("**SOFA**") and related documents (collectively, with the SOFA, the "**Filing Schedules**"). On Schedule A/B, the Debtor listed a 2015 Lexus RX 350 with a value of $20,349.00 (the "**Vehicle**"), household goods, electronics, clothing, jewelry, cash, bank accounts, and a security deposit (collectively, the "**Personal Property**") with a value of $13,100.00.

4. In Schedule A/B, the Debtor did not list any pending lawsuits.

5. In Schedule C, the Debtor claimed an exemption of $8,849.00 for the Vehicle pursuant to 11 U.S.C. §§ 522(d)(2) and (5) exemptions under 11 U.S.C. §§ 522(d) (3)(4) and (5) for the full value of the Personal Property

6. In Schedule D, the Debtor listed a secured debt of $18,372.00, which was a lien against the Lexus.

7. In Schedule E/F, the Debtor listed unsecured debts totaling $45,452.00.

8.      On October 7, 2020, the Trustee examined the Debtor at the initial Bankruptcy Code § 341(a) meeting of creditors. During her examination, the Debtor also disclosed she was the plaintiff a in a pending medical malpractice action (the "**Medical Malpractice Action**").

9.      The Trustee questioned the Debtor concerning the Medical Malpractice Action. The Trustee requested that the Debtor file amended Schedules A/B and C to list the Medical Malpractice Action as an asset of the Estate and to claim exemptions for the Medical Malpractice Action in inappropriate amounts. The Trustee adjourned the 341(a) meeting which is now closed.

10.     On October 8, 2020, the Debtor filed amended Schedules A/B and C listing the Medical Malpractice Action with an unknown value and claiming an exemption for the Medical Malpractice Action in the amount of $25,150.00 pursuant to 11 U.S.C. § 522(d)(11)(D) (the "**Exemption**"). (Dkt. No. 16).

**D. Proofs of Claim**

11.     Upon request of the Trustee, the Court established February 4, 2021 as the last date within which non-governmental entities can timely file proofs of clam in the Debtor's case. The last date for Governmental entities to timely file proofs of claim was February 23, 2021.

12.     So far, four (4) claims totaling $36,403.47 are filed in the Debtor's case.

**E. The Debtor's Medical Malpractice Action**

13.     Prior to the Petition Date, the Debtor retained Stephen S. LaRocca, PLLC (the "**LaRocca Firm**") to represent her in connection with the Medical Malpractice Action.

14.     On March 2, 2018, the LaRocca Firm commenced the Medical Malpractice Action by the filing of a complaint (the "**Complaint**") on behalf of the Debtor in the Supreme

Court, State of New Yok, County of Kings (the "**Kings County Court**") titled *Lisa Serrao[1] v. Gary Fiasconaro, M.D.* ("**Fiasconaro**") *and New York Methodist Hospital* (the "**Methodist Hospital**") assigned Index No. 521204/2017.

15. Since filing the Complaint, Stephen LaRocca has become of counsel to Burns & Harris. Mr. LaRocca advised the Trustee that Burns & Harris is now acting as Debtor's counsel in the Medical Malpractice Action.

16. The Trustee has conducted discussions with Mr. LaRocca, Esq. concerning the Medical Malpractice Action. The Trustee has also reviewed the Complaint and other pleadings filed in the action.

17. According to Mr. LaRocca and to the Complaint, from April 30, 2015 through May 1, 2015, the Debtor was a patient at Methodist Hospital in Brooklyn, New York. The Debtor underwent a termination of her pregnancy performed by Fiasconaro. The procedure failed to completely remove the fetus which resulted in severe infection and sepsis.

18. The Debtor alleged that, as a result of the infection and sepsis, she suffered an aggravation of her existing immune disorders. The Debtor underwent an additional medical procedure at the Hackensack Medical Center to treat her issues.

19. Mr. LaRocca advised the Trustee that the Medical Malpractice Action may have value and may result in a settlement or award in an amount to provide for a distribution to the Debtor's creditors.

20. The Medical Malpractice Action is still in the discovery phase. The most recent compliance conference was held on March 29, 2022.

---

[1] Although the Debtor did not include her former name, Lisa Serrao on her Bankruptcy Petition the Trustee has confirmed Lisa Serrao and Lisa Vital are the same person)

21.     The Trustee is administering the Medical Malpractice Action and is in the process of preparing an application for an Order to authorize the Trustee to retain and employ Burns & Harris as his special Medical Malpractice counsel.

**F.  Relief Requested**

22.     The Trustee wishes to retain and employ Windels Marx, located at 156 West 56th Street, New York, New York 10019, as his attorneys in this case, under a general retainer, effective as of August 3, 2022, the date that Windels Marx started rendering services to the Trustee. The attorneys of Windels Marx who will be assigned to this case are duly admitted to practice before this Court and are well qualified to represent the Trustee in this case.

23.     It is anticipated that Windels Marx will (i) render legal advice to the Trustee concerning his powers and duties, (ii) undertake whatever steps are necessary to maximize recovery to the Estate and assist the Trustee in the administration of the Estate, and (iii) perform such other legal services as may be required by the Trustee in the furtherance of his duties and in the exercise of his powers pursuant to the Bankruptcy Code.

24.     It is anticipated that Windels Marx will prepare an application for an order to authorize the Trustee to retain Burns & Harris as his Special Medical Malpractice Counsel and monitor the progress of the Medical Malpractice Action.

25.      Upon an offer of settlement in the Medical Malpractice Action, Windels Marx will prepare a motion pursuant to Bankruptcy Rule 9019(a) to approve such settlement and an application to allow the fees and expenses of Burns & Harris incurred in connection with the prosecution of the Medical Malpractice Action.

26.     Should a sufficient award or settlement amount be obtained in the Medical Malpractice Action to allow for a distribution to the Debtor's creditors, it is anticipated that

services of Windels Marx may be needed to assist in the review and, if necessary, objection to claims filed against the Estate.

27. To the best of the Trustee's knowledge, based upon the attached Affidavit of Alan Nisselson in support of the Application ("**Nisselson Affidavit**"), as of the Petition Date, Windels Marx is not owed any fees or reimbursement of expenses by the Debtor, and therefore is not a creditor of the Debtor.

28. Based upon the Nisselson Affidavit, Windels Marx represents no entity in connection with this case, is a disinterested person and represents or holds no interest adverse to that of the Trustee or the Estate with respect to the matters for which it is to be retained, and the employment of said firm as counsel for the Trustee would be in the best interest of the Estate.

29. Based upon the Nisselson Affidavit, the Trustee submits that Windels Marx is a "disinterested person" as that term is defined in Bankruptcy Code § 101(14). The Trustee has been informed that Windels Marx will conduct an ongoing review of its files to ensure that no disqualifying circumstances arise, and if any new relevant facts or relationships are discovered, Windels Marx will supplement its disclosure to the Court.

30. The Firm has represented to the Trustee that it has not represented and will not represent any parties other than the Trustee in this case or in connection with any matters that would be adverse to the Trustee arising from, or related to, this case.

31. The Trustee understands that during the bankruptcy case, Windels Marx may apply to the Court for allowance of compensation and reimbursement of actual and necessary expenses in accordance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules of this Court, the guidelines established by the UST, and orders of this Court for all services performed and expenses incurred after the Petition Date.

32. Pursuant to Bankruptcy Code § 327(d), subject to Court approval, a trustee may employ attorneys (including himself or his law firm) to perform legal services for the Estate.

33. Pursuant to Bankruptcy Code § 328(a), the Trustee may retain Windels Marx, on any reasonable terms and conditions. The Trustee submits that the most reasonable terms and conditions are those charged by Windels Marx to the Trustee and other clients on a daily basis in a competitive market for legal services. Therefore, the Trustee and Windels Marx have agreed that Windels Marx will be paid its customary hourly rates of services rendered that are in effect from time to time, as set forth in the Nisselson Affidavit, and that it will be reimbursed according to Windels Marx's customary reimbursement policies.

34. Pursuant to Bankruptcy Code § 330(a)(1)(A), the Court may award reasonable compensation for actual and necessary expenses and services rendered in conjunction with the Debtor's case. Any payment of fees and reimbursement of expenses to Windels Marx will be upon an appropriate application to this Court pursuant to Bankruptcy Code §§ 330 and 331, and upon notice and a hearing.

35. Windels Marx's current regular hourly rates range from Windels Marx's current regular hourly rates range from $670 to $1,030 for partners, from $575 to $595 for associates, from $795 to $860 for counsel, and from $280 to $395 for paraprofessionals expected to work on the Debtor's bankruptcy case. Windels Marx adjusts its hourly rates annually in January.

36. Ten business days prior to any increases in the Firm's rates, for any individual employed by Windels Marx and retained by the Trustee providing services in this case, Windels Marx shall file a supplemental affidavit with the Court setting forth the basis for the requested rate increase pursuant to Bankruptcy Code § 330(a)(3)(F).

37. The Trustee, after reviewing the problems and difficulties that may arise during pendency of this case, believes that the employment and retention of Windels Marx on the terms and conditions set forth herein is necessary and in the best interests of the Debtor, the Debtor's Estate, and her creditors. Windels Marx is well qualified to perform the legal services as described above, and the Trustee knows of no reason why Windels Marx should not be retained. The Trustee requests that the Court enter an Order approving his retention and employment of Windels Marx as counsel.

38. No previous request for the relief sought herein has been made to this or any other Court.

**WHEREFORE**, the Trustee requests that this Court enter an Order authorizing the Trustee to retain and engage Windels Marx as his counsel under a general retainer effective as of August 3, 2022.

Dated: New York, New York  
August 3, 2022

Respectfully submitted,

/s/ Alan Nisselson  
Alan Nisselson, Chapter 7 Trustee


WINDELS MARX LANE & MITTENDORF, LLP  
*Proposed Attorneys for Alan Nisselson, Chapter 7 Trustee*


By: /s/ Alan Nisselson  
Alan Nisselson (anisselson@windelsmarx.com)  
A Member of the Firm  
156 West 56th Street  
New York, New York 10019  
Tel. (212) 237-1000 / Fax. (212) 262-1215

WINDELS MARX LANE & MITTENDORF, LLP
*Proposed Attorneys for Alan Nisselson, Chapter 7 Trustee*
156 West 56th Street
New York, New York 10019
Telephone: (212) 237-1000

Attorneys appearing: Alan Nisselson (anisselson@windelsmarx.com)

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**

| In re | Chapter 7 |
|---|---|
| Lisa Vitale, | Case No. 1-20-43129-jmm |
| Debtor. | |

**AFFIDAVIT OF ALAN NISSELSON IN SUPPORT OF APPLICATION PURSUANT TO BANKRUPTCY CODE §§ 327(a) AND (d) FOR AUTHORITY TO RETAIN AND EMPLOY WINDELS MARX LANE & MITTENDORF, LLP AS ATTORNEYS TO THE CHAPTER 7 TRUSTEE EFFECTIVE AUGUST 3, 2022**

**STATE OF NEW YORK     )**
                                         **) ss.:**
**COUNTY OF NEW YORK  )**

ALAN NISSELSON, being duly sworn, deposes and says:

1. I am a member of the law firm of Windels Marx Lane & Mittendorf, LLP ("**Windels Marx**"), which maintains offices located at 156 West 56th Street, New York, New York 10019, and all of whose members and associates who will be assigned to this case are duly admitted to practice in this Court.

2. I submit this affidavit in support of the application (the "**Application**") of Alan Nisselson (the "**Trustee**"), as trustee for the Chapter 7 estate (the "**Estate**") of Lisa Vitale (the "**Debtor**"), pursuant to sections 327(a) and (d) of title 11, United States Code, 11 U.S.C. §§ 101, et seq. (the "**Bankruptcy Code**") and Rule 2014(a) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), for authority to retain and employ Windels Marx as his

{12013215:1}

counsel, effective as of August 3, 2022, and to provide the disclosure required pursuant to Bankruptcy Rules 2014(a) and 2016(b), on the terms and conditions set forth in the Application.

3. Neither I, Windels Marx, nor any member or associate thereof, insofar as I have been able to ascertain, have any connection with the Debtor, her creditors, or any party in interest herein except that the law firm may represent and may have represented one or more of the Debtor's creditors in matters unrelated to this Case or to any other matter involving the Debtor.

4. Neither I nor my firm holds or represents any interest adverse to the Trustee, the Estate or any class of creditors herein, in connection with the matters upon which it is to be engaged.

5. Windels Marx is not owed any fees or reimbursement of expenses by the Debtor, and therefore is not a creditor of the Debtor. The Firm has not represented and will not represent any parties other than the Trustee in this case or in connection with any matters that would be adverse to the Trustee arising from, or related to, this Case.

6. Windels Marx is disinterested as that term is defined in Bankruptcy Code § 101(14).

7. Windels Marx seeks to be retained and employed as counsel to the Trustee under a general retainer during pendency of this Case, as of August 3, 2022, the date Windels Marx began rendering services to the Trustee in the Debtor's case.

8. Windels Marx will seek allowances of compensation and reimbursement of actual and necessary expenses from the estate pursuant to the terms of its retention, and in accordance with the applicable provisions of the Bankruptcy Code, including Bankruptcy Code §§ 330 and 331, the Bankruptcy Rules, the Local Rules of this Court, guidelines established by the UST, and orders of this Court for all services performed and expenses incurred after the Petition Date.

9. Windels Marx's current regular hourly rates range from Windels Marx's current regular hourly rates range from $670 to $1,030 for partners, from $575 to $595 for associates, from $795 to $860 for counsel, and from $280 to $395 for paraprofessionals expected to work on the Debtor's bankruptcy case. Windels Marx adjusts its hourly rates annually in January.

10. Ten business days prior to any increases in the Firm's rates, for any individual employed by Windels Marx and retained by the Trustee providing services in this case, Windels Marx shall file a supplemental affidavit with the Court setting forth the basis for the requested rate increase pursuant to Bankruptcy Code § 330(a)(3)(F).

11. No agreement exists between Windels Marx and any third person for the sharing of compensation in connection with this case, except as allowed by Bankruptcy Code § 504(b) and Bankruptcy Rule 2016 in respect to sharing of compensation among members and associates of Windels Marx.

/s/ Alan Nisselson<br>Alan Nisselson

Sworn to before me this 3rd day of August 2022

/s/ Maritza Segarra
Maritza Segarra, Notary Public, State of New York
No. 01SE4652865
Qualified in Westchester County
Commission Expires December 31, 2025