SSL/cs

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS
-------------------------------------------------------------------x
LISA SERRAO,                                    VERIFIED COMPLAINT

                Plaintiff,           Index No. 521204/17

     -against-                                E-Filed: 11/1/17

GARY FIASCONARO, M.D. and
NEW YORK METHODIST HOSPITAL,

                Defendants.
-------------------------------------------------------------------x

       Plaintiff, above named, complaining of the defendants, by his attorney, STEPHEN S. LA ROCCA, PLLC, respectfully shows to this Court and alleges as follows:

### AS AND FOR A FIRST CAUSE OF ACTION ON BEHALF OF PLAINTIFF LISA SERRAO:

    **FIRST:**    Upon information and belief and at all times hereinafter mentioned, defendant GARY FIASCONARO, M.D., was a medical doctor duly licensed to practice medicine in the State of New York, with a specialty in the field of Obstetrics/Gynecology.

    **SECOND:**    Upon information and belief and at all times hereinafter mentioned, defendant NEW YORK METHODIST HOSPITAL, was and still is a voluntary, general hospital licensed and accredited as such under the laws of the State of New York, with principal place of business at 506 6th Street, Brooklyn, New York.

    **THIRD:**    Upon information and belief and at all times hereinafter mentioned, defendant GARY FIASCONARO, M.D., was an agent, servant and/or employee of defendant NEW YORK METHODIST HOSPITAL, and was working within the scope of his employment.

    **FOURTH:**    From approximately March 1, 2015, through approximately May 1, 2015

inclusive, plaintiff, LISA SERRAO was a patient of defendant GARY FIASCONARO, M.D., and during said times was medically and surgically cared for and treated by said defendant, his agents, servants and/or employees.

**FIFTH:** From approximately April 30, 2015 through approximately May 1, 2015, plaintiff LISA SERRAO was a patient of defendant NEW YORK METHODIST HOSPITAL, and was medically cared for and treated by said defendant its agents, servants and/or employees during said times.

**SIXTH:** During the aforesaid times, defendants GARY FIASCONARO, M.D., and NEW YORK METHODIST HOSPITAL, their agents, servants and/or employees, departed from accepted and proper medical, gynecological and surgical practices and standards, were negligent and committed malpractice in failing to remove fetal parts following the performance of a termination of pregnancy; in causing the need for additional surgical procedures; in causing and allowing a worsening of plaintiff's immuno suppressive disorders; amongst other acts and/or omissions.

**SEVENTH:** By reason of the aforesaid negligence and malpractice, plaintiff LISA SERRAO was caused to suffer and sustain, all without any fault or lack of care on plaintiff's part contributing thereto, serious and severe personal injuries and pain and suffering, has had aggravations, accelerations, exacerbations and/or precipitations of an underlying emotional anxiety and distress, all with attendant impairments and disabilities, all of which are of a permanent and lasting nature.

**EIGHTH:** By reason of the foregoing, plaintiff LISA SERRAO has been damaged in a sum of money exceeding the monetary jurisdictional limits of all lower Courts.

## AS AND FOR A SECOND CAUSE OF ACTION ON
## <u>BEHALF OF PLAINTIFF LISA SERRAO</u>:

<u>NINTH</u>: Plaintiff repeats, reiterates and realleges each and every allegation contained hereinabove in particulars "FIRST" through "EIGHTH" with the same force and effect as if hereinafter set forth at length.

<u>TENTH:</u> Upon information and belief and at all the times mentioned herein, defendants, their agents, servants and/or employees, failed to disclose to plaintiff LISA SERRAO the alternatives to and the reasonably foreseeable risks and benefits of the course of medical treatment undertaken and rendered by defendants as reasonable medical practitioners under similar circumstances would have disclosed, in a manner permitting the patient to make a knowledgeable evaluation; failed to disclose the risks and hazards of the course of medical treatment rendered in a manner that would have permitted plaintiff to make a knowledgeable decision regarding the medical treatment; and had defendants disclosed the alternatives to and the risks and benefits of said medical treatment, plaintiff, as a reasonable person, would not have undergone said course of medical treatment; and the failure of defendants, their agents, servants and/or employees, to obtain an informed consent was a proximate cause of the injuries sustained by plaintiff LISA SERRAO; that in failing to obtain plaintiff's informed consent in the manner set forth above, defendants, their agents, servants and/or employees violated the provisions of Public Health Law, Section 2805-d (1) and (3).

<u>ELEVENTH:</u> By reason of the foregoing, plaintiff LISA SERRAO has been caused to suffer and sustain, all without any fault or lack of care on plaintiff's part contributing thereto, serious and severe personal injuries, and pain and suffering, has had

3

aggravations, exacerbations and/or precipitations of an underlying condition, has undergone surgery and will be required to undergo future care; has suffered severe and extreme mental and emotional anxiety and distress, all with attendant impairment and disabilities all of which are of a permanent and lasting nature, and as a result has been damaged in a sum of money exceeding the monetary jurisdictional limits of all lower Courts.

### STATEMENT REGARDING ARTICLE 16 OF THE
### CIVIL PRACTICE LAW AND RULES:

One or more of the exceptions set forth in Article 16 of the Civil Practice Law and Rules apply to one or more of the causes of action herein such the defendants are jointly and severally liable with all other tortfeasors, whether parties to this action or not.

WHEREFORE, plaintiff LISA SERRAO demands that judgement be entered against the defendants herein on the First Cause of Action, in a sum of money exceeding the monetary jurisdictional limits of all lower Courts; and on the Second Cause of Action, in a sum of money exceeding the monetary jurisdictional limits of all lower Courts; in a sum of money exceeding the monetary jurisdictional limits of all lower Courts, together with interest, costs and disbursements of this action.

Yours, etc.,

STEPHEN S. LA ROCCA, PLLC

BY: *[signature]*
STEPHEN S. LA ROCCA
Attorneys for Plaintiffs
Office & P.O. Address
111 John Street - Suite 800
New York, New York 10038
(212) 785-8127

SSL/cs

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS
-----------------------------------------------------------------x
LISA SERRAO,                                    CERTIFICATE OF MERIT

                Plaintiff,           Index No. 521204/17

    -against-                               E-Filed: 11/1/17

GARY FIASCONARO, M.D. and
NEW YORK METHODIST HOSPITAL,

                Defendants.
-----------------------------------------------------------------x

    STEPHEN S. LaROCCA, an attorney duly admitted to practice before the Courts of the State of New York, affirms the following to be true under penalty of perjury:

    I am a member of the firm of STEPHEN S. LA ROCCA, PLLC, attorney for the plaintiffs in the within matter, and I am fully familiar with all of the facts and circumstances heretofore had herein.

    Your affirmant has reviewed the facts of the above captioned action, and has consulted a physician about the case, and I have concluded on the basis of such review and consultation that there is a reasonable basis for the commencement of an action.

Dated:  New York, New York
          March 1, 2018

                                                  _____
                                                  STEPHEN S. LA ROCCA

## ATTORNEY'S VERIFICATION

STEPHEN S. LA ROCCA, an attorney duly admitted to practice before the Courts of the State of New York affirms the following to be true under penalty of perjury:

That he is a member of the firm of STEPHEN S. LA ROCCA, PLLC, attorneys for the plaintiff in the within action.

That he has read the within **COMPLAINT** and knows the contents thereof, and that the same is true to his own knowledge, except as to the matters therein stated to be alleged upon information and belief, and that as to those matters, he believes it to be true.

That the sources of his information and knowledge are investigations and records on file.

That the reason this verification is made by deponent, and not by the plaintiff, is that the plaintiff is not within the County where the attorney has his office.

Dated: New York, New York
March 1, 2018

/s/ Stephen S. La Rocca
STEPHEN S. LA ROCCA

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS                                    INDEX NO. 521204/17

---

LISA SERRAO,

                Plaintiff,

    -against-

GARY FIASCONARO, M.D. and
NEW YORK METHODIST HOSPITAL,

                Defendants.

---

**VERIFIED COMPLAINT**

---

                Yours, etc.

                **STEPHEN S. LA ROCCA, PLLC**
                Attorneys for Plaintiff(s)
                Office & P.O. Address & Telephone
                111 John Street - Suite 800
                New York, New York 10038
                (212) 785-8127