# RETAINER AGREEMENT

TO: **HARRIS, KEENAN & GOLDFARB PLLC**
     233 Broadway, Suite 900
     New York, NY 10279
     (212) 393-1000

I, Alan Nisselson ("Client", or, "Trustee") solely in my capacity as trustee for the chapter 7 Bankruptcy Estate of Lisa Vitale, a/k/a Lisa Serrao (the "Debtor"), whose chapter 7 bankruptcy case is pending in the United States Bankruptcy Court for the Eastern District of New York (the "**Bankruptcy Court**") under Case No. 1-20-43129-jmm, hereby retains the Law Office of HARRIS, KEENAN & GOLDFARB PLLC ("**HK&G**"), as my special personal injury counsel ("**Special Personal Injury Counsel**") to prosecute or adjust a claim for medical malpractice and/or negligence against any and all parties, individuals and/or corporations that are found to be liable under the law for damages suffered by the Debtor arising from personal injury sustained by the Debtor.

I specifically agree as follows:

    **1.**    **FEE PERCENTAGE:** Although I have been advised of the right to retain **HK&G** under an arrangement whereby the firm would be compensated on the basis of the reasonable value of services rendered or on an hourly rate, I and HK&G agree that HK&G shall be paid based upon a sliding scale as follows:

    (i) 30% on the first $250,000.00 of the sum recovered;
    (ii) 25% on the next $250,000.00 of the sum recovered;
    (iii) 20% on the next $500,000.00 of the sum recovered;
    (iv) 15% of the next $250,000.00 of the sum recovered; and
    (v) 10% on any amount over $1,250,000.00 of the sum recovered,

whether by suit, settlement or otherwise. In computing the fee, the costs as taxed, including interest upon a judgment, shall be deemed part of the amount recovered. Allowance and payment of fees are subject to Bankruptcy Court approval upon notice and an appropriate application to the Bankruptcy Court pursuant to Bankruptcy Code §§ 330 and 331.

    **2.**    **FEE FOR EXTRAORDINARY WORK:** Sometimes a medical malpractice case involves tough, difficult and/or novel liability or damages issues requiring **extraordinary** legal work done by HK&G on behalf of its client(s), which results in a favorable recovery. In the event of extraordinary legal work done by the HK&G, it is agreed and understood that HK&G is entitled to receive greater compensation than the sliding fee scale set forth above. It is agreed and understood that in the event of extraordinary legal work done by the HK&G, the client grants HK&G advance permission to apply for and recover up to 33% of the entire sum recovered, subject to court approval and pursuant to controlling case law, rules and/or statutory authority, any fees about the sliding scale Any fees, including fees for extraordinary work, are subject to Bankruptcy Court approval be upon notice and an appropriate application to the Bankruptcy Court pursuant to Bankruptcy Code §§ 330 and 331.*AN* (initials)

    **3.**    **DISBURSEMENTS:** In the event there is no recovery, the Client shall not be obligated to pay HK&G a legal fee for services rendered or for any disbursements. Disbursements may

{12267296:1}

include some of the following expenses: court filing fees, sheriff fees, medical and hospital report/record fees, doctor's report, court stenographer fees, deposition costs, expert fees for expert depositions and court appearances, trial exhibits, computer on-line search fees, express mail, postage, photocopy charges, document management charges, long distance telephone charges, among other charges. Document management charges are the fees charged by HK&G for processing documents during litigation, such as medical records, documents produced by defendants(s) and/or other parties, etc. Processing of the documents may include but is not limited to the following: (1) scanning; (2) conversion of native files to PDF documents; (3) OCR (Optical Code Recognition); and/or (4) indexing. At the time of settlement and distribution of proceeds, if HK&G has advanced the disbursements, HK&G shall be reimbursed for all disbursements which shall be deducted from the recovery.

In the event that this firm has been retained by others having the same claim or a similar case, disbursements regarding the liability and/or damages of the defendants may be shared proportionately by all such plaintiffs. The disbursements involved in prosecuting the case may be advanced by the Client or by the HK&G. The Client may choose either option. If the Client elects to advance the money for disbursements (Option I), the Client must pay each disbursement as it is incurred. If the Client elects to have HK&G advance the money for Disbursements (Option II), at the end of each case, HK&G shall be reimbursed from the recovery for any disbursements HK&G advanced.

In the event the Client elects to advance the disbursements (Option I), at the time of the final settlement or distribution of judgment proceeds, these expenses shall be deducted prior to the computation of the Attorney's Fee. If there is no recovery, HK&G will have no responsibility to repay the client for case disbursements.

In the event the Client elects to have HK&G advance the disbursements (Option II), at the time of the final settlement or distribution of judgment proceeds, these expenses shall be deducted from the Client's share after the computation of the Attorney's Fee. If there is no recovery, or if the amount recovered is not sufficient to pay such disbursements in full, Client will not be responsible to pay such disbursements.

In the event no choice is selected by the Client, it will be assumed that the Client wishes to have HK&G advance all disbursements (Option II).

**Option I**
~~(initials)~~ _AN_ I elect to advance the money for disbursements. I want to be billed for each disbursement as incurred. I understand that my immediate payment of such charges is required as many fees are tied to time-sensitive deadlines.

**Option II** _AN_
(initials) **AN** I elect to have HK&G advance the money for disbursements. I do not want to be billed for each disbursement as incurred. I agree that if there is a recovery of money on my case, HK&G will be reimbursed from that recovery for the costs and expenses advanced by the HK&G.

4.  **COMPUTATION OF FEES:** Under Option II, the contingency fee shall be computed on the gross recovery, resulting in a net settlement (or judgment), from which all appropriate disbursements in connection with the institution and prosecution of this claim are deducted, as set forth in paragraph 2 above. Under Option I, the contingency fee shall be computed on the net recovery after

all appropriate disbursements in connection with the institution and prosecution of this claim are deducted, as set forth in paragraph 2 above. Examples of how a contingency fee is computed are as follows:

### Option I
Client advances disbursements:

| | |
|---|---|
| Gross Settlement | $100.00 |
| Disbursements | -$10.00 |
| Net settlement | $90.00 |
| 30% Attorney's Fee | $27.00 |
| Net to Client | $63.00 |

### Option II
HK&G advances disbursements:

| | |
|---|---|
| Gross Settlement | $100.00 |
| 30% Attorney's Fee | $30.00 |
| Net settlement | $70.00 |
| Disbursements | -$10.00 |
| Net to Client | $60.00 |

5. **MEDICAL BILLS:** All medical bills incurred which are not paid by the Debtor's medical insurance and are due and owing shall be chargeable to the Client's portion of the settlement. There may be additional deductions representing outstanding medical bills, liens to doctors for unpaid medical services rendered, or medical services not covered by medical insurance. The recovery of these medical services are included in the gross settlement and shall be paid from the Client's share of the recovery. Unpaid medical providers often will wait for payment until the conclusion of the case, however, in consideration for such abeyance, they will request a lien upon the settlement proceeds. The Client expressly authorizes the firm to sign such lien forms, which may be requested by physicians. This authorization shall include medical and hospital expenses, and subrogation claims. The Client understands that medical providers do not provide medical services contingent upon the outcome of a case, and that in the event that there is no recovery, or an insufficient recovery, the **Debtor will remain responsible for the payment of such medical bills that are not discharged in the Chapter 7 Bankruptcy case. Payment of any medical lien is subject to Bankruptcy Court approval.**

6. **WITHDRAWALS** Should HK&G desire to withdraw as Trustee's Special Personal Injury Counsel, it must do so by motion to the Bankruptcy Court.

7. **APPEALS: Client further understands that the services to be provided through this agreement will NOT extend through the prosecution/defense of an appeal or representation on an appeal brought by any of the parties to the lawsuit.** Client understands that HK&G may charge reasonable **additional compensation** if the case is appealed, or it is necessary to try the case more than once, the amount of which shall be an additional ten (10%) percent- on medical, dental or podiatric malpractice cases, the firm's fee is calculated by the sliding scale set forth in this retainer agreement plus an additional ten (10% percent) of the total sum recovered. Should attorney's fees under 42 USC§ 1988 be awarded <u>and</u> an appeal be prosecuted pursuant to this section the firm may

elect either 42 USC §1988 fees or a 10% fee pursuant to this section but not both.

This further appellate representation will require a new Fee Agreement. In the event the Client's case is dismissed or an unfavorable verdict is rendered, the Client agrees that the Client and HK&G reserve the right to decide whether or not to prosecute an appeal. If HK&G declines to prosecute an appeal, and appeal is taken, and at any point in the appeal process there is an eventual recovery made in the case on behalf of the Client, HK&G will be entitled to a fee that represents the fair value of the services rendered. HK&G shall have the first right of selecting the basis of their fee in the first instance, and if HK&G elects to be paid on an hourly rate, they shall be paid based on an hourly rate of six hundred dollars an hour ($ 600/hour) for all work performed by HK&G, and their agents/servants/employees. Unless otherwise stated in writing, HK&G, elects to be paid on a contingent fee basis. **However, to the extent any appeal is taken in Personal Injury Action, the Trustee shall at that time decide whether HK&G should represent the Estate in any appeal. If the Trustee so decides, he shall submit a revised application for such retention with the Bankruptcy Court if an appeal is prosecuted, and if HK&G intends to seek compensation over and above the one-third contingency fee. Any payment of fees and reimbursement of expenses incurred in connection with any appeal will be upon notice and an appropriate application to this Court pursuant to Bankruptcy Code §§ 330 and 331.**

_____(initials)

8. **SURROGATES COURT PROCEEDINGS: Subject to approval of the Trustee and the Bankruptcy Court,** if HK&G decides to handle Surrogate's Court work and the Client agrees, the firm may hire a Surrogate Court attorney and to take fees from the client's share of the recovery. The establishment of a trust may be performed at an extra expense to the client. The Client may consult with an elder lawyer, wills or trusts attorney at their own expense.

9. **STATUTE OF LIMITATIONS:** I understand that the Statute of Limitations period for the Debtor's case must be investigated and that this Agreement is made subject to that investigation as well as an investigation of my entire case.

10. **RESULTS NOT GUARANTEED:** No attorney can accurately predict the outcome of any legal matter, accordingly, no representations are made, either expressly or impliedly, as to the final outcome of this matter. I further understand that the Debtor must immediately report any changes in her residence, telephone number or health to the HK&G. I understand that this Retainer Agreement is a binding legal contract. I expressly agree that I will fully and freely cooperate with my attorneys in all aspects required for the prosecution of this legal matter and that I will take no actions that frustrate or impair the success of this action.
_____(initials)

11. **APPROVAL NECESSARY FOR SETTLEMENT:** HK&G is hereby granted a power of attorney so that they may have full authority to prepare, sign and file all legal instruments, pleadings, drafts, authorizations and papers as shall be reasonably necessary to conclude this representation, including settlement. HK&G is also authorized and empowered to act as Client's negotiator in any and all negotiations concerning the subject of this Agreement. **Any settlement of the Debtor's claims are subject to approval of the Trustee and the Bankruptcy Court and all settlement funds must be paid directly to the Trustee.**

12. **ASSOCIATION OF OTHER ATTORNEYS:** Attorneys may, at their own expense, use

Page 4 of 5

{12267296:1}

or associate other attorneys in the representation of the aforesaid claims of the Client. Client understands that HK&G is a professional limited liability company under the laws of New York with a number of attorneys. Various firm attorneys may work on Client's case.

13. **FEE DISPUTES:** In case of a fee dispute, all disputes regarding the fees of HK&G will be subject to the exclusive jurisdiction of the Bankruptcy Court.

14. **COLLECTION WORK:** All work required to prosecute a collection case to recover an award will not be covered by this Agreement.

15. **NEW YORK LAW TO APPLY:** This Agreement shall be construed under and in accordance with the laws of the State of New York and the rights, duties and obligations of Client and of Attorneys regarding Attorney's representation of Client and regarding anything covered by this Agreement shall be governed by the laws of the State of New York.

16. **PARTIES BOUND:** This Agreement shall be binding upon and inure to the benefit of the parties, hereto, and their respective heirs, executors, administrators, legal representative, successors, guardians and assigns.

17. **LEGAL CONSTRUCTION:** In case any one or more of the provisions contained in this Agreement shall for any reason be held invalid, illegal or unenforceable in any respect, such invalidity, illegality, or unenforceability shall be construed as if such invalid, illegal, or unenforceable provision had never been contained herein.

6. **PRIOR AGREEMENTS SUPERSEDED:** This Agreement constitutes the sole and only Agreement of the parties hereto and supersedes any prior understanding or written or oral agreement between the parties respecting the within subject matter.

18. **BANKRUPTCY COURT APPROVAL** This Agreement is subject to approval of the Bankruptcy Court and is not effective until such approval is granted.

I certify and acknowledge that I have had the opportunity to read this Agreement and have answered any questions pertaining thereto. I further state that I have voluntarily entered into this Agreement fully aware of the terms and conditions.

Dated: January 18, 2024    _____ (L.S.)
                            Alan Nisselson, chapter 7 trustee of Lisa Vitale, a/k/a Lisa Serrao

                            _____ (L.S.)
                            HARRIS, KEENAN & GOLDFARB PLLC