**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re | Chapter 7 |
| Lisa Vitale, | Case No. 1-20-43129-jmm |
| Debtor. | |

## ORDER PURSUANT TO BANKRUPTCY CODE § 327(e) AND 328(a) AND BANKRUPTCY RULE 2016(B) FOR AUTHORITY TO RETAIN AND EMPLOY HARRIS, KEENAN & GOLDFARB PLLC AS MEDICAL MALPRACTICE COUNSEL TO THE TRUSTEE EFFECTIVE AS OF JANUARY 18, 2024

Upon the application dated January 29, 2024 (the "**Application**") **[ECF No. 37] (JMM)**, of Alan Nisselson, trustee for the chapter 7 estate (the "**Estate**") of Lisa Vitale (the "**Debtor**"), by his attorneys, Windels Marx Lane & Mittendorf, LLP, for authority to retain and employ Harris, Keenan & Goldfarb, PLLC (the "**HK&G**", or, "**Special Medical Malpractice Counsel**")  as his Special Medical Malpractice Counsel, effective as of January 18, 2024, under a contingency fee retainer agreement (the "**Contingency Fee Agreement**"), annexed to the Application as Exhibit B  and the affirmation dated January 18, 2024 of Stephen S. LaRocca; and it appearing that HK&G neither represents nor holds any interest adverse to the Debtor's Estate in the matters for which it is be engaged, is to be employed for a specified special purpose pursuant to 11 U.S.C. §§ 327(e) and § 328(a) and that the employment of HK&G as Special Medical Malpractice Counsel for the Trustee would be in the best interests of the Debtor's Estate; it is

**ORDERED**, that pursuant to 11 U.S.C. §§ 327(e) and 328(a), the Trustee be, and hereby is, authorized to retain HK&G effective as of January 18, 2024 to act as his Special Medical Malpractice Counsel, to pursue a Medical Malpractice action in which the Debtor is a plaintiff (the "**Medical Malpractice Action**") and to be compensated under the Contingency Fee

Agreement attached to the Application as Exhibit B and upon appropriate application to this Court pursuant to 11 U.S.C. § 330; and it is further

**ORDERED,** that, the Contingency Fee Agreement, annexed to the Application as Exhibit B is approved subject to a determination by this Court of the reasonableness of the fees and expenses of the HK&G pursuant to Bankruptcy Code § 330 and upon appropriate application and upon notice and a hearing; and it is further

**ORDERED,** that, to the extent any appeal is taken in Medical Malpractice Action, the Trustee shall at that time decide whether HK&G should represent the Estate in any appeal. If the Trustee so decides, he shall submit a revised application for such retention with the Court if an appeal is prosecuted, and if HK&G intends to seek compensation over and above the Contingency Fee. Any payment of fees and reimbursement of expenses incurred in connection with any appeal will be upon notice and an appropriate application to this Court pursuant to Bankruptcy Code §§ 330 and 331; and it is further

**ORDERED,** that, HK&G shall <u>not</u> hire outside counsel or co-counsel without the Trustee's approval and any outside counsel or co-counsel may only be employed subject to prior Court approval and upon appropriate application under Bankruptcy Code § 327, and any co-counsel's or outside counsel's compensation shall be subject to the provisions of Bankruptcy Code §§ 330, 331 and 504, Bankruptcy Rule 2016, and the New York Rules of Professional Conduct, and it is further

**ORDERED,** that, the Bankruptcy Court shall have sole jurisdiction with respect to any dispute that may arise between the Trustee or the Debtor and HK&G, and it is further

**ORDERED,** that, any monies generated from the Medical Malpractice Action are property of the Debtor's Estate and must be paid directly to the Trustee; and it is further

**ORDERED,** that, any payment of fees to HK&G, including, *inter alia*, the Contingency Fee, EBT Fees, No Fault Fees and fees for negotiating liens, are subject to approval of the Bankruptcy Court upon notice and an appropriate application to this Court pursuant to Bankruptcy Code §§ 330 and 331; and it is further

**ORDERED,** that, any settlement of the Medical Malpractice Action shall be subject to the Trustee's written consent and subject to approval of this Court upon proper application and notice; and it is further

**ORDERED,** that, any payment of Workers' Compensation liens, medical liens or other liens must be approved by the Bankruptcy Court. If no settlement or award is obtained in the Medical Malpractice Action, the Estate will not be responsible for payment of any medical liens, and it is further

**ORDERED,** that, should HK&G desires to withdraw as Special Medical Malpractice Counsel, they must do so by motion to the Bankruptcy Court, and it is further

**ORDERED,** that, each October 31, January 31 and April 30 following the date of this Order, HK&G shall report by letter to the Trustee, and to the Trustee's satisfaction, regarding the status of the Medical Malpractice Action, and it is further

**ORDERED,** that, the terms of the Trustee's retention of HK&G may only be modified through an additional retention application to be filed with the Court; and it is further

**ORDERED,** that, to the extent that the terms of this Order are inconsistent with the provisions of the terms of the Contingency Fee Agreement then the provisions this Order shall control.

NO OBJECTION:

William K. Harrington

United States Trustee for Region 2

By: _/s/ Nazar Khodorovsky_

    Nazar Khodorovsky, Trial Attorney

Dated: February 2, 2024

Dated: March 4, 2024
    Brooklyn, New York



Jil Mazer-Marino
United States Bankruptcy Judge